UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY PEOPLES, JR.,

    Plaintiff,

v.

RAUL MACHUCA, JR., et al.,

    Defendants.

Case No. 19-cv-05468-YGR (PR)

**ORDER OF SERVICE AND TERMINATING PENDING MOTIONS AS MOOT**

## I. INTRODUCTION

This suit was reassigned from a magistrate judge to the undersigned in light of a recent Ninth Circuit decision.[1] Plaintiff, a state prisoner currently incarcerated at the California Correctional Center and a frequent filer, has filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations at Salinas Valley State Prison ("SVSP") where he was previously incarcerated. He alleges that SVSP officials retaliated against him for filing grievances by, among other things, using excessive force against him and depriving him of necessary medical care.

Plaintiff has also moved for leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. Dkts. 2, 10. In addition, he has filed a motion for service by United States Marshal and a request for a status report. Dkts. 8, 24.

In his complaint, Plaintiff names the following Defendants: SVSP Correctional Sergeant Raul Machuca, Jr., and SVSP Correctional Officers Jose Cermeno and Rodolfo Carrasco. Dkt. 1 at 2.[2] Plaintiff seeks declaratory relief as well as monetary and punitive damages. *Id.* at 4-5.

Venue is proper because certain events giving rise to the claims are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

---

[1] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

## II. DISCUSSION

### A. 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The only exception to this bar is when a plaintiff is under imminent danger of serious physical injury. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

Here, the Court *sua sponte* raised the section 1915(g) problem in the instant case (dkt. 19) and notified Plaintiff of the earlier dismissals it considered to support a section 1915(g) dismissal. *See Andrews v. King*, 398 F.3d 1113, 1120-21 (9th Cir. 2005) (allowing the plaintiff an opportunity to be heard on the matter before dismissing the action under section 1915(g)). The Court determined that Plaintiff has had at least three such prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g.*, *Peoples v. Williams*, Case No. CV 08-7128-UA (AGR) (C.D. Cal. Nov. 18, 2008) (complaint dismissed for failure to state a claim); *Peoples v. Barber*, Case No. CV 08-5249-UA (AGR) (C.D. Cal. Sept. 8, 2008) (same); *Peoples v. Schwarzenegger*, Case No. CV 08-1125-JVS (AGR) (C.D. Cal. May 22 and Apr. 13, 2009) (same); *Peoples v. Davis*, No. CV 06-7366-JVS (AGR) (C.D. Cal. Feb. 19, 2009) (same).[3] The Court also noted that the Central District had

---

[3] It matters not that in two of the cases Plaintiff was denied leave to file his complaint on the ground that the complaint failed to state a claim upon which relief could be granted. *See O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008) (prisoner action requesting IFP status is "brought" within meaning of section 1915(g); a denial of leave is dismissal and counts as strike).

2

dismissed at least two subsequent prisoner actions by Plaintiff on the ground that he is barred from proceeding IFP under section 1915(g). *See Peoples v. Schwarzenneger*, Case No. CV 11-3808-UA (AGR) (C.D. Cal. May 11, 2011); *Peoples v. Schwarzenegger*, Case No. CV 11-0140-UA (AGR) (C.D. Cal. Apr. 28, 2011). Because Plaintiff has had four prior dismissals and did not appear to be under imminent danger of serious physical injury, the Court ordered Plaintiff to show cause why the aforementioned dismissals should not be counted as "strikes" to support a section 1915(g) dismissal. *See* Dkt. 19 at 2-3.

The Court finds that, pursuant to *Andrews*, 398 F.3d at 1121, Plaintiff has been given notice of the potential applicability of section 1915(g). Plaintiff therefore may proceed IFP only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. *See Abdul-Akbar*, 239 F.3d at 312; *Medberry*, 185 F.3d at 1192-93; *Ashley*, 147 F.3d at 717; *Banos*, 144 F.3d at 885.

Plaintiff has since filed a response to the Court's order to show cause.[4] Dkt. 21. In his response, Plaintiff claims that he is under imminent danger of further serious physical injury. *Id.* at 5. Specifically, he claims that he had brought his claims in a previous civil rights action, Case No. C 12-01281 CRB (PR), in which Judge Charles R. Breyer "previously granted *in forma*

---

[4] The Court notes that Plaintiff has entitled his response to the order to show cause as a "Motion for a Temporary Restraining Order [("TRO")] and Preliminary Injunction." Dkt. 21 at 3. However, it is evident that Plaintiff is not actually seeking a TRO because he claims that he is "entitled to a temporary restra[in]ing order of imminent danger and a preliminary injunction of *in forma pauperis* status until this civil action has been resolved." *Id.* at 6. Therefore, the Court construes this filing as his response to the order to show cause. In any event, even if Plaintiff was requesting a preliminary injunction, such a request is premature because a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). Meanwhile, a TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b). In this matter, even if the Court were to consider Plaintiff's motion for a TRO or preliminary injunction, such a motion would have been denied because the parties to this action have not yet been served, and Plaintiff has failed to satisfy either of the criteria under Rule 65(b) for granting a TRO without notice to the adverse parties. *Id.*

3

*pauperis* status . . . [upon] finding the existence of imminent danger [and that] such imminent danger ha[d] not ceased." *Id.* at 4.  The record shows that in Case No. C 12-01281 CRB (PR), Plaintiff had raised multiple claims, including similar retaliation claims against the same Defendants named in the instant case (Defendants Machuca, Cermeno, Carrasco), but on February 2, 2015, Judge Breyer granted Defendants' motion for summary judgment as to Plaintiff's retaliation claims on the ground that Plaintiff did not exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a).  *See* Dkt. 110 in Case No. C 12-01281 CRB (PR).

Furthermore, Plaintiff claims that he suffers "increased nerve damage in both median nerves in [his] hands . . . . "  Dkt. 21 at 5.  He further alleges that various injuries to his spine, right leg and hips have "progressed." *Id.*  In addition, Plaintiff claims that "[e]very time this case is pursued permanent medical chronos are discontinued one to two months of filing papers in district court." *Id.* at 4.  The Court finds that Plaintiff has sufficiently made a "plausible allegation" of imminent danger of serious physical injury at the time of filing by alleging, among other things, that prison officials retaliated against him by denying him needed medical care.  *See Andrews*, 493 F.3d at 1055 (court "should not make an overly detailed inquiry into whether the allegations qualify for the exception;" it is sufficient if prisoner "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing").  Thus, Plaintiff may proceed IFP, but Defendants are not precluded from later challenging Plaintiff's imminent danger allegations in a motion for summary judgment.  *See Gibbs v. Cross*, 160 F.3d 962, 967 n.8 (3d Cir. 1998).

Because Plaintiff's allegation that he falls under the "imminent" danger exception could allow him to meet his burden of showing that section 1915(g) does not bar pauper status for him, a dismissal under section 1915(g) may not be proper at this time.  In view of this, Plaintiff's application for leave to proceed IFP under 28 U.S.C. § 1915 (dkts. 2, 10) will be granted in a separate written Order.  Thus, the Court will review the complaint and serve Defendants, as explained below.

4

**B.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**C.     Legal Claims**

As mentioned above, Plaintiff's complaint includes allegations that Defendants retaliated against him for filing inmate grievances, used excessive force against him, and deprived him of necessary medical care. *See* Dkt. 1. Plaintiff claims that in May of 2011, while he was temporarily housed in SVSP, he filed a 602 inmate appeal complaining that he "was being denied his basic living conditions in non-compliance with [California Department of Corrections and Rehabilitation] regulations . . . ." *Id.* at 7. Plaintiff claims that Defendants "demanded that Plaintiff withdraw the 602 but he declined to do so," and as a result, Defendants retaliated by using excessive force against him and depriving him of necessary medical care. *See id.* at 8-10. Specifically, on May 5, 2011, while Plaintiff was handcuffed in order to be escorted to a medical appointment, Plaintiff claims that he declined to withdraw his 602 appeal and thus Defendant Machuca "gave the order for Defendant Carrasco to slam Plaintiff to the ground face down and for Defendant Cermeno to assist in dragging him back inside [Plaintiff's] cell face-down while yelling we are going to 'kick your ass nigger' and 'happy Cinco de Mayo.'" *Id.* at 7-8, 13. Plaintiff claims that Defendants then took him inside his cell and "began hitting [him] in his face, kicking

5

him in his arms, legs, ribs, and back . . . ." *Id.* at 8.  Thereafter, Defendants "placed Plaintiff in a holding cage in the hallway of [Administrative Segregation]" and ignored Plaintiff's request for "emergency medical treatment for his right leg, right arm, right ear and back." *Id.* at 9.

It is well established that prison officials may not retaliate against a prisoner for filing inmate grievances. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003).  Furthermore, a prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards.  Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)).  In addition, deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Liberally construed, Plaintiff's allegations appear to state cognizable claims of retaliation, excessive force, and deliberate indifference to serious medical needs in violation of the First and Eighth Amendments against the named Defendants, and his complaint will be ordered served.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff states a cognizable First Amendment retaliation claim against Defendants Machuca, Carrasco, and Cermeno.

2.      Plaintiff states cognizable Eighth Amendment claims for the use of excessive force and for deliberate indifference to Plaintiff's serious medical needs against Defendant Machuca, Carrasco, and Cermeno.

6

3.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), and a copy of this Order to the following Defendants: **SVSP Correctional Sergeant Raul Machuca, Jr., and SVSP Correctional Officers Rodolfo Carrasco and Jose Cermeno.** The Clerk also shall mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendants will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants personally have been served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

5.     Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

  a.     No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion must be

7

supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[5] notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be served promptly on Plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which

---

[5] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

8

Defendants' motion is filed.

    c.  Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot rely simply on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; and (3) statements in your complaint insofar as they were made under penalty of perjury and show that you have personal knowledge of the matters state therein. As mentioned above, in considering a

motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.

   d. Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

   e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7. All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to them.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must file a notice of change of address promptly, specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

9. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

10. Because Plaintiff's complaint has now been reviewed and is being served through the process of waiver of service of the summons, his pending motion for service by the United States Marshal is terminated as moot. Dkt. 8. The Court notes that the Clerk of the Court has sent Plaintiff a status letter and a copy of the docket sheet in response to his request for a status report. *See* Dkt. 25. Therefore, his pending status report request is also terminated as moot. Dkt. 24.

11. This Order terminates Docket Nos. 8 and 24.

IT IS SO ORDERED.

Dated: June 26, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge

11