UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PEOPLES,<br><br>    Plaintiff,<br><br>v.<br><br>RAUL MACHUCA, et al.,<br><br>    Defendants. | Case No. 19-cv-05468-YGR  (PR)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS WITHOUT PREJUDICE TO FILING A MOTION FOR SUMMARY JUDGMENT; AND DENYING ALL REMAINING PENDING MOTIONS** |

Plaintiff, a state prisoner currently incarcerated at the California Correctional Center, has filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations at Salinas Valley State Prison ("SVSP") where he was previously incarcerated. He alleges that SVSP officials retaliated against him for filing grievances by, among other things, using excessive force against him and depriving him of necessary medical care.

In his complaint, Plaintiff names the following Defendants: SVSP Correctional Sergeant Raul Machuca, Jr., and SVSP Correctional Officers Jose Cermeno and Rodolfo Carrasco (hereinafter "Defendants"). Dkt. 1 at 2.[1] Plaintiff seeks declaratory relief as well as monetary and punitive damages. *Id.* at 4-5.

In an Order dated June 26, 2020, the Court found the Plaintiff's complaint stated a cognizable First Amendment retaliation claim against Defendants, as well as cognizable Eighth Amendment claims for the use of excessive force and for deliberate indifference to Plaintiff's serious medical needs against Defendants. Dkt. 26 at 5-6. The Court then ordered service of the complaint on Defendants. *Id.* at 7.

Currently before the court is Defendants' motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).[2] Dkt. 36. As further explained below, Defendants' motion

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

[2] Plaintiff has filed an opposition (dkt. 59), and Defendants have filed a reply (dkt. 60).

1 is DENIED without prejudice to raising any arguments raised therein in a motion for summary judgment under Federal Rule of Civil Procedure 56.  Also pending before this Court are various pending motions, filed by both parties, including Plaintiff's motion for leave to file an amended complaint (dkt. 32), Defendants' motion to stay discovery (dkt. 39), and Plaintiff's motion for an extension of time to file a sur-reply (dkt. 61), which are also DENIED below.

It is well-settled that the standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b)(6) motions.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, *Inc.,* 896 F.2d 1542, 1550 (9th Cir. 1990).  That is, judgment on the pleadings is appropriate only when the moving party clearly establishes eligibility for judgment as a matter of law and that there is no material issue of fact on the face of the pleadings.  *Id.*  As with Rule 12(b)(6) motions, judgment on the pleadings is improper if the district court must go beyond the pleadings to resolve an issue. *Id.*  Such a proceeding must be brought in the form of a motion for summary judgment.  *Id.*

After a careful review of the record, the Court is satisfied that a judgment on the pleadings here would improperly require that the Court consider matters outside the pleadings.  Thus, a motion for summary judgment is required.  *See id.*  For example, Defendants' arguments relating to Plaintiff's failure to exhaust his administrative remedies as to his claims is a matter the Court may properly address on a motion for summary judgment, but not on a motion for judgment on the pleadings.  *See* Dkt. 60 at 2-3.

Accordingly, the Court DENIES Defendants' motion for judgment on the pleadings.  Dkt. 36.  Defendants' motion to stay discovery (dkt. 39), Plaintiff's motion for leave to file an amended complaint[3] (dkt. 32), and his motion for an extension of time to file a sur-reply (dkt. 61) are also DENIED.  The denial of Defendants' motion for judgment on the pleadings is without prejudice to raising any arguments alleged therein in a motion for summary judgment under Federal Rule of Civil Procedure 56.  The parties shall abide by the briefing schedule outlined below.

---

[3] The Court notes that Plaintiff requests for leave to amend his complaint to add a First Amendment retaliation claim against Defendants.  Dkt. 32 at 1.  However, the record shows that the original complaint already raised such a claim, and the Court has found it to be cognizable. *See* Dkt. 26 at 5-6.  Therefore, Plaintiff's motion for leave to file an amended complaint is DENIED as unnecessary.  Dkt. 32.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.  Defendants' motion for judgment on the pleadings (dkt. 36) is DENIED without prejudice to raising any arguments alleged therein in a motion for summary judgment. Their motion to stay discovery (dkt. 39) is also DENIED.

2.  Plaintiff's motion for leave to file an amended complaint (dkt. 32) and motion for an extension of time to file a sur-reply (dkt. 61) are DENIED.

3.  In order to expedite the resolution of this case, the Court orders as follows:

    a.  No later than **sixty (60) days** from the date of this Order, Defendants may file a motion for summary judgment. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b.  Plaintiff's opposition to Defendants' motion for summary judgment shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot rely simply on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and

documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with any motions for summary judgment. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012).

    c.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    d.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    e.    All communications by Plaintiff with the Court must be served on Defendants' counsel.

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must file a notice of change of address promptly, specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

6. This Order terminates Docket nos. 32, 36, 39, and 61.

IT IS SO ORDERED.

Dated: March 19, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

4