UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PEOPLES,<br><br>    Plaintiff,<br><br>    v.<br><br>RAUL MACHUCA, et al.,<br><br>    Defendants. | Case No. 19-cv-05468-RMI<br><br>**ORDER**<br><br>Re: Dkt. Nos. 134, 135, 139 |

Plaintiff, a state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Defendants' motion for summary judgment on exhaustion grounds was denied and Defendants later stated that they did not believe the case could be resolved by a summary judgment motion. (dkts. 86, 90). Counsel was appointed for Plaintiff and the case was proceeding towards trial. Counsel for Plaintiff recently withdrew, and Plaintiff again continues *pro se*.

The parties filed a joint stipulation with several discovery and disclosure deadlines. (dkt. 138). The parties shall continue with discovery and disclosures as outlined in the joint stipulation and, a new dispositive deadline date will be provided sixty-days after the close of discovery. Due to the additional discovery, Defendants can file a dispositive motion on the merits, if they choose.

Plaintiff also filed a motion to appoint new counsel. There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding *in forma pauperis*, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). The Court already found counsel for Plaintiff that unfortunately had to withdraw from this case. While that counsel was helpful, Plaintiff is ably pursuing his claims, and the issues are not complex. The motion is denied.

For the foregoing reasons:

Plaintiff's pending motions (dkts. 134, 135, 139) are denied. The Court grants the request for the discovery and disclosure deadlines, as set forth in the joint stipulation. (dkt. 138).

No later than **January 29, 2025**, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are still of the opinion that this case cannot be resolved by such a motion, they shall so inform the Court prior to the date that such motion is due. Moreover, all papers filed with the Court shall be promptly served on Plaintiff.

At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (*en banc*), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003); *see Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (finding that *Rand* and *Wyatt* notices must be given at the time motions for summary judgment or motion to dismiss for non-exhaustion are filed, not earlier); *Rand*, 154 F.3d at 960 (establishing the separate paper requirement).

Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **thirty days** from the date the motion is served upon him. Additionally, Plaintiff must read the attached page headed "NOTICE – WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-954, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If Defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

Finally, it is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 25, 2024

ROBERT M. ILLMAN
United States Magistrate Judge