UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY PEOPLES,

          Plaintiff,

      v.

RAUL MACHUCA, et al.,

          Defendants.

Case No. 19-cv-05468-RMI

**ORDER**

Re: Dkt. Nos. 154, 155

      Plaintiff, a state prisoner proceeding *in forma pauperis*, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  Defendants' motion for summary judgment on exhaustion grounds was denied and Defendants later stated that they did not believe the case could be resolved by a summary judgment motion.  (Dkts. 86, 90).  Counsel was appointed for Plaintiff and the case proceeded towards trial.  Counsel for Plaintiff ultimately withdrew, and Plaintiff again proceeds *pro se*.  As the parties continued with discovery, Defendants were provided the opportunity to file a dispositive motion on the merits by January 29, 2025.  Presently pending are Plaintiff's motions for a ruling and to appoint an expert witness. (Dkts. 154, 155).

      Plaintiff requests that the court appoint an expert witness regarding Defendants' use of excessive force, denial of medical care, and retaliation.  However, he provides little support for this request.  Federal Rule of Evidence 706 authorizes the appointment of a neutral expert witness, with expenses shared by the parties.  The appointment of an independent expert witness pursuant to Rule 706 is within the court's discretion, *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999), and may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue," *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997).  However, at

United States District Court
Northern District of California

1    this stage of the litigation, the court does not find that the issues in this case are so complicated

2    that the testimony of a neutral expert is warranted under Rule 706.  The allegations of retaliation,

3    excessive force, and deliberate indifference to serious medical needs do not appear overly complex

4    at this point.  If this case continues to trial, the court will reconsider Plaintiff's request that it

5    appoint a neutral expert.

6         To the extent Plaintiff would like the court to hire an expert witness specifically for

7    Plaintiff, the statute authorizing Plaintiff's *in forma pauperis* status does not authorize the

8    expenditure of public funds for expert witnesses.  *See* 28 U.S.C. § 1915; *Tedder v. Odel*, 890 F.2d

9    210, 211-12 (9th Cir. 1989) (expenditure of public funds on behalf of indigent litigant is proper

10   only when authorized by Congress).  The federal courts have uniformly held that an indigent

11   prisoner litigant must bear his own costs of litigation, including witnesses.  *Id*. at 211 (*in forma*

12   *pauperis* statute does not authorize waiver of fees for an indigent plaintiff's witnesses).  To the

13   extent that Plaintiff is seeking to have the court appoint an expert witness specifically to aid his

14   case, that request is therefore denied.

15        For the foregoing reasons:

16        The motion to appoint an expert witness (Dkt. 155) is denied without prejudice.  The court

17   will reconsider the request if this case continues to trial.

18        The motion for a ruling (Dkt. 154) is denied as meritless because Plaintiff's motion for

19   reconsideration was already denied by the court (Dkt. 153).

20        **IT IS SO ORDERED.**

21   Dated: January 13, 2025

22

23

24   _____
     ROBERT M. ILLMAN
     United States Magistrate Judge

25

26

27

28

2