UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PEOPLES,<br><br>    Plaintiff,<br><br>v.<br><br>RAUL MACHUCA, et al.,<br><br>    Defendants. | Case No. 19-cv-05468-RMI<br><br>**ORDER**<br>Re: Dkt. Nos. 154, 155 |

    Plaintiff, a state prisoner proceeding *in forma pauperis*, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Defendants' motion for summary judgment on exhaustion grounds was denied and Defendants later stated that they did not believe the case could be resolved by a summary judgment motion. (dkts. 86, 90). Counsel was appointed for Plaintiff and the case was proceeding towards trial. Counsel for Plaintiff withdrew, and Plaintiff again continues *pro se*. Due to the parties continuing with discovery and new discovery obtained, Defendants were provided the opportunity to file a dispositive motion on the merits by January 29, 2025. Presently pending are Plaintiff's motions for a ruling and to appoint an expert witness. (dkts. 154, 155).

    Plaintiff requests that the Court appoint an expert witness regarding Defendants' use of excessive force, denial of medical care, and retaliation. He provides little support regarding why an expert witness is required for this case. Federal Rule of Evidence 706 authorizes the appointment of a neutral expert witness, with expenses shared by the parties. The appointment of an independent expert witness pursuant to Rule 706 is within the Court's discretion, *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999), and may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue," *Ledford v. Sullivan*, 105 F.3d 354, 358-

59 (7th Cir. 1997). However, the statute authorizing Plaintiff's *in forma pauperis* status does not authorize the expenditure of public funds for expert witnesses. *See* 28 U.S.C. § 1915; *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress). The federal courts have uniformly held that an indigent prisoner litigant must bear his own costs of litigation, including witnesses. *Id*. at 211 (*in forma pauperis* statute does not authorize waiver of fees for an indigent plaintiff's witnesses).

To the extent that Plaintiff is seeking to have the Court appoint an expert witness to aid his case, that request is denied pursuant to the authority cited above because he is proceeding *in forma pauperis*. To the extent Plaintiff is seeking a neutral expert, the Court does not find that the issues in this case are so complicated such that the testimony of a neutral expert is warranted under Rule 706. The allegations of retaliation, excessive force, and deliberate indifference to serious medical needs nor the legal issues involved are overly complex.

For the foregoing reasons:

The motion to appoint an expert witness (dkt. 155) is denied without prejudice and the Court will consider the request if this case continues to trial. The motion for a ruling (dkt. 154) is denied as meritless because Plaintiff's motion for reconsideration was already denied by the Court (dkt. 153).

**IT IS SO ORDERED.**

Dated: February 10, 2025

_____
ROBERT M. ILLMAN
United States Magistrate Judge