UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PEOPLES,<br><br>    Plaintiff,<br><br>    v.<br><br>RAUL MACHUCA, et al.,<br><br>    Defendants. | Case No. 19-cv-05468-RMI<br><br>**ORDER RE: DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 158 |

Plaintiff, a state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He argued that Defendants used excessive force, were deliberately indifferent to his serious medical needs, and retaliated against him. Now pending before the court is Defendants' Motion for Judgment on the Pleadings (dkt. 158), which seeks to dismiss the complaint because the action is barred by the statute of limitations. Plaintiff filed an opposition (dkt. 163) and Defendants filed a reply (dkt. 164). For the reasons stated below, Defendants' motion is GRANTED.

**BACKGROUND**

On March 14, 2012, Plaintiff filed a case against the same Defendants with the same claims. *See Peoples v. Mack*, Case No. 3:12-cv-1281-CRB ("*Peoples I*"). On February 2, 2015, the court granted Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. (*Peoples I*, dkt. 110). The claims against these Defendants were dismissed without prejudice, and Plaintiff could refile if he exhausted administrative remedies. *Id.* at 15.

After summary judgment was granted in *Peoples I*, Plaintiff attempted to exhaust administrative remedies at the prison. (Dkt. 1 in the instant action, pp. 18–19, 27–30.). The administrative appeal was denied as untimely by prison officials. (*id*. at 28, 33, 42–43). Plaintiff mailed this instant action to the court on August 14, 2019. (Dkt. 1, p. 4). Defendants filed a

1    motion for summary judgment based on Plaintiff's failure to properly exhaust administrative

2    remedies. (Dkt. 65). The motion was denied on January 13, 2022. (Dkt. 86).

3          Counsel was later appointed for Plaintiff and the case was proceeding towards trial.

4    Counsel for Plaintiff withdrew on April 3, 2024, and Plaintiff again continued *pro se*. Based on

5    the parties' joint stipulation with several discovery and disclosure deadlines, and due to new

6    discovery obtained, Defendants were allowed to file an additional dispositive motion. (Dkt. 140).

7    After this motion was fully briefed, the case was referred for settlement, but did not settle.

8    Therefore, the court will look to the merits of the motion.

## LEGAL STANDARD

Under Rule 12(c), a party may move for "judgment on the pleadings" after the pleadings are closed. The difference between a motion under Rule 12(c) and motion under Rule 12(b)(6) is the time of filing; otherwise, they are functionally identical. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). To obtain judgment on the pleadings, the moving party must clearly establish that the pleadings cannot raise a triable issue of fact, and that judgment as a matter of law should be entered. *Hal Roach Studios, Inc., v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). In evaluating a motion for judgment on the pleadings, all material allegations in the complaint are accepted as true and construed in the light most favorable to the non-moving party. *See Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004).

Section 1983 does not contain its own limitations period. Instead, courts in § 1983 actions apply the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 377–78 (2004); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In California, the statute of limitations for § 1983 actions is the two-year period set forth in California Civil Procedure Code § 335.1. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." *Id.* § 352.1(a). However, the disability of imprisonment only delays the accrual of the cause of action for a maximum of two years. *See id*.

It is federal law that determines when a cause of action accrues, and thus, when the statute of limitations begins to run in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers*, 174 F.3d at 991–92.

## DISCUSSION

### Statute of Limitations

The events giving rise to this case occurred in May 2011. (Dkt. 1, pp. 7–8, 13; dkt. 26, pp. 5–6). Because Plaintiff was imprisoned, he had four years to commence the instant case: two years under California Civil Procedure Code § 335.1, and two more years under California Civil Procedure Code § 352.1 because he was imprisoned. Therefore, the statute of limitations expired in May 2015. Because this case was filed on August 14, 2019, it is untimely by several years.

Plaintiff's opposition only briefly discusses the statute of limitations. Plaintiff contends that he exhausted administrative remedies and timely filed the prior case. Plaintiff does not address any of Defendants' specific contentions, nor does he present any arguments for statutory or equitable tolling.

A review of the record indicates that the two main issues regarding the statute of limitations are the effects of *Peoples I* and if any tolling is appropriate. Defendants argue that limitations period was not tolled during the pendency of *Peoples I*. Their argument is well taken. Generally, an action that is dismissed without prejudice does not toll the statute of limitations:

> The filing of a suit stops the running of the statute of limitations, though only contingently. . . . [I]f the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing. . . . In other words, a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed.

*Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000); *see also Cirlasky v. CIA*, 355 F.3d 661, 672 n.11 (D.C. Cir. 2004) (collecting cases). The Ninth Circuit and other courts in California have reached the same conclusion. *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006); *Wood v. Elling Corp.*, 572 P.3d 755, 758 (1977) ("In the absence of a statute, a party

1  cannot deduct from the period of the statute of limitations applicable to his case the time
2  consumed by the pendency of an action in which he sought to have the matter adjudicated, but
3  which was dismissed without prejudice to him."); *Gibbs v. Wood*, 2017 WL 1407727, at *3–4
4  (N.D. Cal. Apr. 20, 2017); *Sandoval v. Barneburg*, 2013 WL 5961087, at *3 (N.D. Cal. Nov. 6,
5  2013) (finding *pro se* prisoner not entitled to equitable tolling during pendency of his prior federal
6  lawsuit, the dismissal of which was affirmed on appeal).

   In this case, Plaintiff pursued *Peoples I*, but he failed to complete the administrative exhaustion process, so the claims and Defendants were dismissed without prejudice. Accordingly, the statute of limitations on Plaintiff's claims continued running from the date those claims accrued. Because the statute of limitations expired in May 2015, this case is untimely absent any additional tolling. *See Epps v. Deleon*, 2019 WL 2339430, at *2–3 (E.D. Cal. June 3, 2019) (second case was untimely because the prior case was dismissed without prejudice and did not toll the limitations period), *aff'd*, 804 F. App'x 772 (9th Cir. 2020).

**Statutory Tolling**

The statute of limitations is tolled for the period in which a prisoner administratively exhausted his underlying grievances pursuant to the requirements of the Prison Litigation Reform Act ("PLRA"). *See Soto v. Unknown Sweetman*, 882 F.3d 865, 875 (9th Cir. 2018) (holding that a prisoner "is entitled to tolling [of the applicable statute of limitations] while he was actively exhausting his remedies" under the PLRA); *Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005) ("the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process").

The court in *Peoples I* found that Plaintiff had not exhausted his administrative remedies related to these claims. There is no clear consensus among district courts in the Ninth Circuit as to whether a plaintiff is entitled to tolling for grievances that were rejected under prison regulations and therefore would not properly exhaust a claim for purposes of the PLRA. *Compare Baker v. German*, 2018 WL 276762, at *4 (E.D. Cal. Jan. 3, 2018) (finding that the plaintiff was "not entitled to exhaustion-based tolling because his appeal was cancelled as untimely" but noting that, even with such tolling, "the instant action would still be time barred") *with Jackson v. Harrison*,

2010 WL 3895478, at *12, *18 (C.D. Cal. Aug. 25, 2010), *adopted*, 2010 WL 3895468 (C.D. Cal. Sept. 28, 2010) (finding prison officials "were justified in screening out the" grievance "as untimely, since more than fifteen days had elapsed since the" incident, but the plaintiff was "entitled to equitable tolling while he completed, or at least attempted to complete[,] the mandatory exhaustion process[;]" ultimately finding that this tolling did not render the claim timely).

Even if Plaintiff was entitled to additional tolling while he attempted to exhaust administrative remedies prior to *Peoples I*, this case would still be untimely. The Court in *Peoples I* found that Plaintiff attempted to submit 23 grievances between March 2011 to May 2012, but that no properly filed grievances concerned the Defendants and events for the case. (*Peoples I*, dkt. 110, p. 6). Even if Plaintiff did attempt to exhaust a grievance relevant to these Defendants and claims, and even if he was provided fourteen months of tolling for exhaustion and the additional two-year tolling for California Civil Procedure Code section 352.1, the instant case would still be untimely by roughly three years.

The court previously held in the instant case that Plaintiff properly exhausted his claims after the earlier dismissal in *Peoples I*. (Dkt. 86). However, the court found that Plaintiff's initial inmate appeal after the dismissal in *Peoples I* was filed on June 1, 2017. (Dkt. 86, pp. 7–8).[1] Plaintiff started the exhaustion process more than two years after the statute of limitations expired. No amount of tolling during the exhaustion of his claims can cure the fact that the statute of limitations had already expired.

**Equitable Tolling**

"Equitable tolling under California law operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004) (citing *Lantzy v. Centex Homes*, 73 P.3d 517, 523 (Cal. 2003)) (cleaned up). "The purpose of

---

[1] To the extent Plaintiff now contends that he was also exhausting administrative remedies in the years prior to 2017, he has not provided sufficient arguments or evidence to support this assertion, nor has he discussed how this would affect the statute of limitations.

California's equitable tolling doctrine 'is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court.'" *Id.* (citing *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137 (9th Cir. 2001) (en banc)).

California law recognizes tolling "in a later suit when an earlier suit was filed and where the record shows: (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (citing *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (Cal. Ct. App. 1983), and *Addison v. State*, 578 P.3d 941, 943–44 (Cal. 1978)) (internal quotations omitted). However, such tolling does not apply when the two lawsuits were filed in the same forum. *Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1018 (C.D. Cal. 2011) ("In *Addison*, however, the California Supreme Court also explained that the doctrine of equitable tolling applies when a plaintiff has several legal remedies and reasonably, and in good faith, pursues one. . . . California's equitable tolling doctrine does not apply in this case because this case and [the first] were filed in the same forum: this Court."); *see also Jamison v. Garza*, 2017 WL 3226472, at *4 (E.D. Cal. July 31, 2017) ("when a plaintiff does not pursue one remedy when several are available, but instead repeatedly pursues the same claim in the same forum, equitable tolling does not apply"). Because Plaintiff filed both actions in the same forum, this court, he is not entitled to this type of tolling.

In addition, under the so-called "*Bollinger* rule," "a plaintiff may also argue the statute of limitations should be tolled based on the filing of an earlier, timely action based upon general equitable principles[.]" *Carranza v. Lewis*, 2017 WL 1050538, at *19 (N.D. Cal. Mar. 17, 2017) (citing *Bollinger v. National Fire Ins. Co.*, 25 Cal. 2d 399 (1944) and *Addison*, 21 Cal. 3d at 318-19 ). The *Bollinger* rule applies where the plaintiff shows that three factors are met:

> (1) the plaintiff [has] diligently pursued his or her claim; (2) the fact that the plaintiff is left without a judicial forum for resolution of the claim [is] attributable to forces outside the control of the plaintiff, [i.e., the dismissal of the first action was in error and, thus, due to forces outside of his own control]; and (3) the defendant [is not] prejudiced by application of the doctrine (which is normally not a factor since the defendant will have had notice of the first action).

6

*Carranza*, 2017 WL 1050538, at *19 (quoting *Hull v. Cent. Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1336 (1994)). In this case, Plaintiff fails to satisfy the second *Bollinger* factor because he does not allege and had not shown that the court in *Peoples I* erred in dismissing his first action, or that it was dismissed due to forces outside of his own control. Plaintiff is not entitled to any equitable tolling.

## CONCLUSION

Accordingly, for the reasons stated herein, Defendants' Motion for Judgment on the Pleadings (dkt. 158) is **GRANTED** and this action is dismissed as untimely. A separate judgment shall issue.

**IT IS SO ORDERED.**

Dated: July 10, 2025

ROBERT M. ILLMAN
United States Magistrate Judge

7